# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MICHELLE GRABANY,

      Plaintiff,

v.                         Civil Action No.: _____

LINCOLN LIFE ASSURANCE
COMPANY OF BOSTON,

      Defendant.

## COMPLAINT

The plaintiff, MICHELLE GRABANY, sues the Defendant, LINCOLN LIFE ASSURANCE COMPANY OF BOSTON (hereinafter "LINCOLN LIFE") and states:

1. This is an action for legal and/or equitable relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq.

2. This Court has jurisdiction pursuant to 29 U.S.C. § 1132(e) and (f).

3. At all times material hereto, Plaintiff was a resident of Volusia County, Port Orange, Florida.

4. Plaintiff was an employee of Jarden Corporation.

5. At all times material hereto, Plaintiff is and/or was a participant in a Group Long Term Disability Plan (LTD Plan) originally issued by Liberty Life Assurance Company of Boston ("Liberty") to Jarden Corporation. According to the LTD Plan, Liberty had "the authority, in its sole discretion, to construe the terms of the policy and to determine benefit eligibility."

6. Based upon information and belief, LINCOLN LIFE acquired the Group Benefits division of Liberty in approximately 2018.

7. At all times material hereto, Defendant LINCOLN LIFE, a corporation licensed to do business in the State of Florida, was charged with making the final benefits determinations at issue under the LTD Plan, including the determinations made on Plaintiff's claim.

8. Based upon information and belief, there are no documents conveying discretionary authority to LINCOLN LIFE to determine benefit eligibility.

9. The Plan was funded through a contract of insurance issued by LINCOLN LIFE, who pays claims form its own general assets.

10. The LTD Plan contains the following definition of disability:

*"Disability" or "Disabled", with respect to Long Term Disability, means:*

*1. For persons other than pilots, co-pilots, and crewmembers of an aircraft:*

    *i.*    *that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*

    *ii.*    *thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*

2. *With respect to Covered Persons employed as pilots, co-pilots and crewmembers of an aircraft:*

   ***"Disability"*** *or* ***"Disabled"*** *means as a result of Injury or Sickness: (a) the Covered Person cannot perform the material and substantial duties of his own occupation; and (b) after benefits have been paid for 12 months, the Covered Person is unable to perform the Material and Substantial Duties of Any Occupation.*

11. According to LINCOLN LIFE Plaintiff alleged disability as of August 10, 2016.

12. Plaintiff applied for benefits under the LTD Plan and began receiving benefits on February 8, 2017.

13. By letter dated October 20, 2020, LINCOLN LIFE determined that Plaintiff no longer met the applicable definition of disability as defined in the LTD Plan beyond October 7, 2020. This letter also informed her that she had 180 days to submit an appeal of this decision.

14. On December 9, 2020, the undersigned counsel informed LINCOLN LIFE that he had been retained to assist Plaintiff in her appeal of the October 20,

2020 decision terminating her benefits under the LTD Plan. Counsel also requested a copy of Plaintiff's claim file.

15. Plaintiff appealed the termination of benefits under the LTD Plan on April 12, 2021.

16. By letter dated April 13, 2021, LINCOLN LIFE confirmed that it was considering Plaintiff's appeal of the termination of benefits under the LTD Plan.

17. By letter dated May 7, 2021, LINCOLN LIFE provided Plaintiff with a copy of a physician review and allowed up to May 27, 2021 to submit a response.

18. On May 11, 2021, Plaintiff responded to LINCOLN LIFE's May 7, 2021 letter.

19. On May 19, 2021, LINCOLN LIFE requested Plaintiff obtain answers from her medical providers on three questions.

20. On May 26, 2021, LINCOLN LIFE allowed until June 24, 2021 for the submission of additional information regarding the appeal.

21. One June 9, 2021 and June 23, 2021, Plaintiff submitted additional evidence in support her appeal of the decision terminating benefits under the LTD Plan.

22. On July 12, 2021, LINCOLN LIFE affirmed the decision terminating Plaintiff's LTD benefits by letter. This letter notified Plaintiff she had until August 11, 2026 to bring any legal action.

## CAUSE OF ACTION

**(Violations of Section 502(a)(1)(B) Against Defendant LINCOLN LIFE)**

23. The Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 20, inclusive.

24. The LTD Plan provides that Plaintiff is entitled to Long Term disability benefits if she meets the definition of Disabled.

25. Plaintiff has met the definition of Disabled within the meaning of the LTD Plan and is entitled to disability as of October 7, 2020 and through the present.

26. Defendant LINCOLN LIFE, as of October 7, 2020, and through the present refused to pay Long Term disability benefits to Plaintiff and such failure and refusal constitutes an improper denial of benefits pursuant to a disability plan governed by ERISA.

27. The decision denying the Plaintiff the rights and benefits due under the Plan was arbitrary, illegal, capricious, unreasonable, discriminatory and not made in

good faith. The decision is not supported by substantial evidence and arises from an erroneous application of the Plan and federal law.

28. The decision denying Plaintiff the rights and benefits under the Plan was made without a full and fair review of all of the evidence submitted by Plaintiff in support of her appeals.

29. As a direct and proximate result of LINCOLN LIFE's actions, the Plaintiff has sustained damages and such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the Plan.

30. Plaintiff has been required to obtain the services of the undersigned attorney in this matter and has agreed to a reasonable attorney fee as compensation to her for his services. Pursuant to 29 U.S.C. § 1132(g) and Fla. Stat. § 627.428 Plaintiff is entitled to a reasonable attorney's fee and costs of action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MICHELLE GRABANY, asks this Court to enter judgment against Defendant LINCOLN LIFE, finding that:

(a) Plaintiff met the definition of Disabled under the LTD Plan as of the date her benefits were terminated and through the present;

(b) Plaintiff is entitled to Long Term disability benefits from the date of termination of her benefits and through the present;

(c) Ordered Defendant to pay Plaintiff all benefits due under the Plan;

(d) An award reasonable attorney's fees and costs incurred in this action is proper; and,

(e) Any such other and further relief this Court deems just and proper, including but not limited to a declaration that Plaintiff's same claim for benefits continues after the last date of benefits awarded by the Court, without need to file a new application for benefits, and remanding Plaintiff's claim to LINCOLN LIFE for further action to address continuing benefits after the final date of benefits awarded by this Court.

Respectfully submitted,

*s/ Erik W. Berger*
ERIK W. BERGER, ESQUIRE
Trial Attorney for Plaintiff
Osterhout Berger Disability Law
FL I.D. No.: 0130478
3744 Dupont Station Court South
Jacksonville, FL 32217
888-507-1700
904-733-2805 (facsimile)
erik@mydisabilityattorney.com
*Date: August 27, 2021*